```
01
02
03
04
05
                    UNITED STATES DISTRICT COURT
06                 WESTERN DISTRICT OF WASHINGTON
07                            AT SEATTLE

08  DANELIA MOLINA-MEJIA,            )
                                     )   CASE NO. C10-2083-JLR
09              Petitioner,          )
                                     )
10       v.                          )   REPORT AND RECOMMENDATION
                                     )
11  DHS-ICE DIRECTOR, SEATTLE,       )
                                     )
12              Respondent.          )
    _____  )
13
```

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a native and citizen of Mexico who is being detained by the United States Immigration and Customs Enforcement ("ICE") pursuant to a final *in absentia* removal order entered on August 17, 1994. (Administrative Record "AR" at L57.) On December 28, 2010, petitioner, proceeding through counsel, filed the instant Petition for Writ of Habeas Corpus and Motion for Stay of Removal pursuant to 28 U.S.C. § 2241, arguing that the government failed to comply with the requirements for reinstatement of prior removal orders set forth in 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8(1)-(3). (Dkt. No. 1.) Petitioner asserts that she departed the United States in 2002 to attend her mother's funeral in Mexico and subsequently reentered

REPORT AND RECOMMENDATION
PAGE -1

the United States. (Dkt. Nos. 13 and 17, Ex. 1.) She argues that because she departed the United States, respondent must either begin the process to reinstate the prior order or file a new Notice to Appear to commence new proceedings against petitioner. *Id*.

On February 4, 2011, respondent filed a Return and Motion to Dismiss asserting that on January 10, 2011, petitioner received a bond hearing before an Immigration Judge ("IJ") and was denied bond. (Dkt. No. 11.) Respondent did not address petitioner's argument that the government failed to comply with the requirements for reinstatement of prior removal orders. *See id*. In her reply brief, respondent asserted that she "ha[d] *not* reinstated the order of removal because it [was] not clear whether Petitioner ever self-removed after she was ordered removed *in absentia*." (Dkt. No. 16 at 2.) Respondent noted that although petitioner expressed an intent to submit evidence of her self-removal, no evidence had been submitted. *Id*.

On April 4, 2011, petitioner submitted evidence of self-removal in opposition to respondent's motion to dismiss, consisting of a letter from Sonia Mirella Melgoza Fernandez, a letter from Dr. Elisa Palacisco Yanez, and a certified copy of petitioner's mother' death certificate showing petitioner as a witness. (Dkt. No. 17.) Respondent did not respond to the submission of this new evidence. Accordingly, the Court directed the parties to submit supplemental briefing as to the merits of petitioner's argument that the government failed to comply with the requirements for reinstatement of a prior order under 8 U.S.C. § 1231(a)(5). (Dkt. No. 18.)

In response to the Court's order, respondent submitted a Department of Homeland Security Notice of Intent/Decision to Reinstate Prior Order, which indicates that ICE reinstated

petitioner's prior order of removal on June 3, 2011. (Dkt. No. 20, Ex. 1.) Petitioner did not respond to respondent's submission.

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be granted, and that this matter be dismissed with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native and citizen of Mexico, entered the United States without inspection by an immigration officer on or about December 23, 1990. (AR R37-38.) On February 5, 1994, petitioner was discovered by an immigration officer aboard the M/V All Alaskan processing vessel near St. Paul Island, Alaska, during a routine identity check of the crew. *Id*. Petitioner admitted that she entered the United States without inspection, and that she obtained and used a counterfeit alien registration card and a counterfeit social security number to secure employment. *Id*. Petitioner was served with an Order to Show Cause and Notice of Hearing, charging her as subject to removal under INA § 241(a)(1)(B), for entering the United States without inspection by an immigration officer. (AR L52-56.) On August 17, 1994, petitioner failed to attend the hearing and was ordered removed *in absentia*. (AR L57.) Petitioner never appealed the *in absentia* removal order. (Dkt. 1 at 2.)

On December 22, 2010, petitioner was taken into immigration custody pursuant to the 1994 *in absentia* removal order. (AR R50-52.) On December 28, 2010, petitioner filed the instant Petition for Writ of Habeas Corpus and Motion for Stay of Removal pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) The Court subsequently entered a temporary stay of removal. (Dkt. No. 3.) This matter is now ripe for review.

//

### III. DISCUSSION

"When an alien subject to removal leaves the country, the removal order is deemed to be executed. If the alien reenters the country illegally, the order may not be executed against [her] again unless it has been 'reinstated' by an authorized official." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007). A prior order of removal may be reinstated "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal." 8 U.S.C. § 1231(a)(5). Section 1231(a)(5) further provides that the prior order of removal "is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." *Id*.

As indicated above, petitioner alleged in her habeas petition that her removal was unlawful because the government failed to comply with the requirements for reinstatement of prior removal orders set forth in 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8(1)-(3). (Dkt. No. 1.) Petitioner asserted that she departed the United States in 2002 to attend her mother's funeral in Mexico and subsequently reentered the country illegally. (Dkt. Nos. 13 and 17, Ex. 1.) She argued that because she departed the United States and subsequently re-entered, respondent could not remove her under the prior order of removal, but must either reinstate the prior order or file a new Notice to Appear to commence new proceedings against petitioner. *Id*.

On June 3, 2011, the government, apparently conceding this violation, reinstated petitioner's 1994 *in absentia* removal order. (Dkt. No. 20, Ex. 1.) Because petitioner's prior

removal order has been reinstated, petitioner's argument that her removal under the 1994 *in absentia* removal order was unlawful has become moot should be dismissed.

IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice, and that the previous temporary stay of removal issued by the Court be VACATED. A proposed order accompanies this Report and Recommendation.

DATED this 14th day of July, 2011.

Mary Alice Theiler
United States Magistrate Judge